MORRIS, *Adm'r, in Equity, versus* DAY, *Executrix.*

In cases in equity, the facts proved, the questions of law arising thereon, the
decision of the same and the decree of the presiding Judge, must all be re-
ported.

Although reference in the report may be made to the bill, answer and proofs,
this Court cannot examine them to ascertain if the *facts* are correctly found
by the jury or by the Court.

And no question of law, not arising out of the facts proved and reported, can
be argued or decided by the Court of law.

Whether the decree of the presiding Judge shall be affirmed, or any different
order made, must be determined from the facts proved and *reported.*

The intention of the mortgagee, however clearly expressed, without showing
that he has performed the *acts* necessary to that purpose, will be ineffectual
to establish a foreclosure.

To effect such foreclosure by taking peaceable and open possession in presence
of two witnesses, the *certificate* by them signed and recorded, must contain
all the facts essential to that purpose. Without showing an *entry* at a time
certain for breach of the conditions of the mortgage, it will not avail.

And such witnesses cannot testify to any facts necessary to show a foreclose-
ure, not found in their certificate.

ON REPORT from *Nisi Prius,* HOWARD, J., presiding.
BILL IN EQUITY.

The report made by the Judge is not necessary to an
understanding of the case.

The bill was brought to redeem certain real estate from
two mortgages. The defence was, that they had been fore-
closed by an entry in the presence of two witnesses, and
the premises had since remained in the possession of the
mortgagees.

The certificate of the witnesses, Edmund Phillips and
Gideon P. Skillen, was recorded in the Cumberland registry
of deeds, on June 12, 1839, and after describing the real
estate, the title and registration, it concluded thus:— "The
condition of said mortgages having been broken, the said
Day claims to foreclose the same. We, the subscribers, at
the request of said Day, went with him on all the premises
described in the mortgage deeds, on the sixteenth day of
May, A. D., 1839, and saw him enter and take peaceable

possession of the premises. In testimony whereof, we have hereunto subscribed our names."

*Willis* and *Fessenden*, for the respondent.

*Anderson* and *Harmon*, for the complainant.

SHEPLEY, C. J. — The bill appears to have been filed by a former administrator of Alden Pierce, to redeem certain lands described in a mortgage made to the Canal bank and assigned to the defendant's testator, and lands conveyed in mortgage to him. The case is presented on a report of the presiding Judge, and a question is raised respecting the matters thus presented for consideration by the court of law.

By the Act approved on April 9, 1852, c. 246, § 14, the presiding Judge, when requested, is to report "the facts proved and the questions of law therein arising, and his decision of the same, and his decree upon the premises." Nothing can be thus properly presented, not authorized by the provisions of the statute. If, as in this case, the bill answer and proofs in writing be referred to, the court of law is not authorized to enter upon an examination of those proofs, to ascertain whether the facts were correctly found by the jury or by the Court; or to entertain and decide any question of law not arising out of the facts proved and reported.; while it may modify the decree, or make any other order or decree, which the facts reported may require.

The report states, that the facts alleged in the bill were proved; and that the facts stated in the answer and proved, did not constitute a foreclosure. The answer appears to have been made "to the bill of complaint of William E. Morris, administrator *de bonis non*, of the goods and estate which were of Alden Pierce." The report does not state any facts respecting the plaintiff's right to prosecute the suit as administrator *de bonis non* of Pierce; and no question of law respecting it could arise on the facts proved and reported. The report is to contain not only the facts

proved but the questions of law therein arising, and his decision of the same.

Whether the decree was correctly made, or whether either is entitled to a different·order or decree, must also be determined from the facts proved and. reported.

The principal question arising on the facts reported, is, whether either of the mortgages had been foreclosed.

The testator appears to have intended to foreclose them by " taking peaceable and open possession in presence of two witnesses," as required by the provisions of the Act of 1821, c. 39, and to have a certificate thereof signed by the witnesses, and recorded according to the provisions of the additional Act approved on February 20, 1839.

An intention to foreclose cannot operate to effect it without a compliance with the provisions of the statute, which requires, " when an entry for breach of the condition of a mortgage of real estate shall hereafter be made without judgment of law ;" and " when such entry shall be made in presence of two witnesses, such witnesses shall sign a certificate specifying the fact of such entry, and the time thereof."

The entry must appear to have been made for breach of the condition of the mortgage, and the certificate signed by the witnesses must specify the fact of such entry; that is, that it was made for breach of the condition of the mortgage, and it must state the time when such entry was made.

The certificate presented in this case, states " the condition of said mortgages having been broken, the said Day claims to foreclose the same." It does not state that he made an entry for that purpose, or for breach of the conditions. He might claim to foreclose them without doing the acts necessary to effect it. The certificate then proceeds and states : " We the subscribers, at the request of said Day, went with him on all the premises described in said mortgage deeds, on the sixteenth day of May, A. D. 1839, and saw him enter and take peaceable possession of the premises." Here is no statement of an entry for breach of condition or to foreclose. All which is stated in the certificate

might have been legally done without any entry made for breach of conditions.

The two witnesses testify, that the entry was by Day declared to be made to foreclose the mortgages. Such proof not contained in the certificate by them signed, is insufficient and ineffectual to establish a foreclosure. The statute requires, that the proof of "such entry" should appear in the certificate, which is to be recorded in the registry of deeds, giving notice to all interested; and that unless it be so recorded, "such certificate shall not be effectual in law for the purpose of foreclosing such mortgage." It was evidently the intention of the statute to require, that the facts essential to operate as a foreclosure should appear in the record of the certificate; and to provide that the entry should not be effectual to foreclose without it.

The Court cannot rightfully attempt to carry into effect the intentions of a party to foreclose, however clearly they may be exhibited, when he fails to show that he has performed the acts required by the statute, to make such intentions effectual.

The decree of the presiding Judge is affirmed, and the case is remanded for further proceedings.

RICE, HATHAWAY and CUTTING, J. J., concurred.